A94A2007. NATIONWIDE MORTGAGE RESOURCES, INC.
v. STALZER et al.
A94A2008. DOVER FINANCIAL CORPORATION v. STALZER
et al.
A94A2009. VININGS BANK & TRUST, N.A. v. STALZER et al.
(455 SE2d 402)

SMITH, Judge.

These closely related appeals center around various claims made against a property interest purportedly held by a debtor in bankruptcy in a home on Lake Burton in Rabun County, Georgia.

The debtor's spouse, appellee Trudy J. Kitchin, filed a complaint in equity seeking to prevent appellants and another creditor from exercising certain rights with respect to, among other things, the Lake Burton property — rights purportedly established by the creditors' respective deeds to secure debt. As amended, Kitchin's complaint asserted that a quitclaim deed executed by her and naming her husband as grantee was fraudulently obtained. Kitchin eventually moved to join the bankruptcy trustee as a party "so that all parties that claim an interest in the lake property will be before [the] court." The trial court entered a consent order joining the trustee in the action as a party defendant.

The trustee answered and filed a cross-claim against the original creditor-defendants. The trustee asserted that the debtor's interest in the Lake Burton property was at best a mere usufruct and therefore could not be secured by a deed to secure debt. Instead, the trustee argued, the creditors should have filed a UCC-1 financing statement, which none did. Each of the creditors basically responded that the interest conveyed by Georgia Power was an estate for years rather than a usufruct, and that even if the interest is not an estate for years, the usufructuary interest is in "real estate," and as such may be secured by a deed to secure debt.

The trial court granted the trustee's motion for summary judgment on her cross-claim and denied creditor Dover Financial Corporation's motion for partial summary judgment. Three of the creditors bring separate appeals, and each enumerates as error the grant of summary judgment to the bankruptcy trustee. Appellant Dover Financial Corporation also appeals the denial of its motion for partial summary judgment. As to the former issue, the creditors' respective appeals will be treated together.

1. Kitchin confirms by affidavit that she has settled with the

bankruptcy trustee. While Kitchin continues to contest the creditors' respective claims to the Lake Burton property, the settlement has apparently rendered her indifferent as to whether her own claim is superior to that of the bankruptcy trustee. In fact, neither the trial court nor any party on appeal appears eager to address the obvious question of whether any interest in the Lake Burton property was ever transferred from Trudy Kitchin to her husband. Nevertheless, the record before us suggests *only* that the property interest at issue was never legally assigned to the debtor-in-bankruptcy in the first instance.

We first note that the lease agreement between Trudy Kitchin and Georgia Power Company strongly reflects the utility's need to maintain strict control over the land subject to the lease. The lease indicates Kitchin merely "hired" the property, and did not receive an estate for years. The terms of the lease agreement between Georgia Power and Kitchin show the utility has retained substantial control over the premises at issue, including the ability to terminate the lease with 90 days' notice. Moreover, paragraph 19 specifically provides that the agreement "shall create the relationship of landlord and tenant only between lessor and lessee. No estate shall pass from lessor to lessee hereunder; lessee shall have a usufruct only, not subject to levy, sale or attachment; however, this shall not prevent levy, sale, or attachment on lessee's personal property located on the premises." We agree with the trial court that Kitchin obtained a usufruct only under the lease agreement, not an estate for years.

Regardless of the proper characterization of the interest created by the lease agreement between Kitchin and Georgia Power, however, paragraph 7 provides: "Lessee shall not assign this lease, or any right of lessee hereunder, nor sublet all or any portion of the premises, *without the express prior written consent of lessor.*" No such written consent appears in the record, nor is there even a suggestion that such consent was obtained from Georgia Power. Moreover, none of the creditors suggests a basis for a valid assignment by Kitchin to her husband in spite of the apparent failure by Kitchin to seek leave from Georgia Power to do so. We also note that even if Kitchin's original interest in the property is characterized as an estate for years, Kitchin's ability to assign that interest to her husband would still be " 'subject to the terms and conditions of the lease. (OCGA §§ 44-6-100; 44-6-102; 44-7-1).' [Cit.]" *Paces Partnership v. Grant*, 212 Ga. App. 621, 624 (1) (442 SE2d 826) (1994).

The issue not addressed below and the state of the record presented in this case are both very similar to that reviewed in *Rotruck v. Grandma's Biscuits*, 243 Ga. 512 (255 SE2d 36) (1979), in which the Supreme Court held: "We cannot find any indication that an assignment occurred here. 'As to the usufruct, since the original

tenant has no estate in land, one cannot talk about a sublease in the technical common law sense. . . . The confusion as to the use of the terms assignment and sublease would appear to arise in the case of a usufruct where the transfer is not authorized. In a case where the landlord does not consent to the transfer, but also does not elect to oust the wrongful possessor, it is easy to classify this as a subtenancy. *But in reality in this case the possessor of the premises is simply holding in place of the original lessee and from the landlord's standpoint, he is merely an agent or representative of the lessee.'* [Cit.]" (Emphasis supplied.) Id. at 514.

Assuming, as the record strongly suggests, that Georgia Power did not give written consent *before the fact* authorizing Kitchin to assign her usufructuary interest to her husband, then it would appear that the creditors and trustee are claiming rights in a property interest the bankrupt debtor never legally held. We will not consider a question of first impression regarding the permissible methods of establishing a secured interest in a usufruct when the record reflects that the question framed by the parties is, at best, premature.[1] The grant of summary judgment to the bankruptcy trustee is therefore vacated as to each appellant and the case is remanded for such further proceedings as may be necessary to establish whether the debtor-in-bankruptcy is a proper assignee of the usufruct at issue.

2. In Case No. A94A2008, we affirm the trial court's denial of summary judgment to Dover Financial Corporation; for the reasons stated in Division 1, the record clearly does not establish that it is entitled to judgment as a matter of law.

*Judgment vacated and remanded with direction in Case Nos. A94A2007 and A94A2009. Judgment affirmed in part and vacated and remanded with direction in part in Case No. A94A2008. McMurray, P. J., concurs. Pope, P. J., concurs specially.*

---

[1] Nothing in this opinion is meant to imply that a trial court errs in assuming facts favorable to the nonmovant in an effort to consider whether the nonmovant may prevail under any set of facts *based upon established law.* However, it is simply not prudent to assume facts favorable to the nonmoving party *when a question of first impression is implicated.*

The special concurrence engages needlessly in circular reasoning and in so doing commits the identical "sin" it condemns. First, there is no question of standing in this case. Standing deals with the question of whether a party may assert a right even presuming it exists; this case deals with parties who clearly have standing, but the rights they assert are of dubious validity. Second, even assuming there is a question of "standing," the special concurrence in essence observes that we cannot decide this case until an assumed fact is established one way or the other. That is *exactly* what is being done here. There is no disagreement on that point. Finally, the special concurrence errs in suggesting that none of the parties to this appeal have any legally cognizable rights in the usufruct at issue. Trudy Kitchin is indeed a party to this appeal.

POPE, Presiding Judge, concurring specially.

I see the problem in this case as one of *standing* rather than ripeness: What we have is several parties fighting over their relative rights with respect to a piece of property, when the record strongly suggests that none of the parties to the appeal have any legally cognizable rights with respect to the property at all. If the parties cannot establish on remand that Georgia Power gave prior written approval for the alleged transfer from Ms. Kitchin to her husband, all claims depending on the validity of that transfer should be dismissed. If they can, the trial court should reenter its grant of partial summary judgment for the trustee to allow the creditors to appeal again if they wish.

Even though I reach the same result as the majority, I make the distinction between standing and ripeness because lack of ripeness (in the sense the majority uses it here) may not always be a valid basis for declining to address the merits of an appeal from a partial summary judgment — particularly a partial summary judgment on a cross-claim. Almost all grants of summary judgment on cross-claims will assume some fact or conclusion not yet established. A common paradigm, for example, might be the assertion by a defendant that "assuming I am liable to the plaintiff, co-defendant is liable to me." In that situation, if partial summary judgment on the cross-claim is granted for either defendant or co-defendant, that grant of partial summary judgment clearly would be appealable under OCGA § 9-11-56 (h), even though it assumes a liability which has not yet been established (and even though the appeal from the partial summary judgment forces us to decide an issue which might not have to be decided if we waited until the case was concluded); we could not avoid addressing the merits by remanding to allow the trial court to address other issues first.

DECIDED MARCH 16, 1995.

*Lefkoff, Duncan, Miller, Grimes, Miller & Barwick, John R. Grimes,* for Nationwide Mortgage.

*Glass, McCullough, Sherrill & Harrold, Geoffrey H. Cederholm,* for Dover Financial.

*Wagner & Johnston, Benjamin C. Abney,* for Vinings Bank.

*Barbara M. Stalzer,* pro se.

*Pettigrew & Trippe, David R. Trippe,* for Stalzer et al.